NATIONAL SUGAR REFINING Co. *vs.* C. F. KNIGHT.

MARCH 21, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This action of trespass on the case for negligence arose out of a collision of two motor vehicles at the intersection of two streets in the city of Cranston. The case was tried in the superior court without a jury and resulted in a decision for the plaintiff. Defendant excepted to that decision and she is here on that exception.

The accident occurred in the intersection of Orchard and Auburn streets at 9:30 o'clock in the morning when there was no other traffic on either street. Orchard street runs north and south; it is twenty-four feet wide from curb to curb

and has two sidewalks, each eight feet wide, making the full width of the street forty feet. Auburn street is of the same width and runs east and west.

The plaintiff's automobile was being operated by plaintiff's salesman, Willis O. Putnam, in an easterly direction along Auburn street. The defendant's milk truck was being operated by her son, Robert E. Linton, in a northerly direction along Orchard street. They collided in the southeast quarter of the intersection of the two streets about three feet from the easterly curb line of Orchard street. Immediately following the impact of the cars and as a result of such impact plaintiff's automobile was turned in a northerly direction and tipped over on its left side; and defendant's milk truck was deflected from its course sharply to its left and approximately diagonally across the intersection, where it struck a hydrant at the northwest corner of the two streets.

The plaintiff's driver, Putnam, testified that the accident happened in the following manner. He was driving easterly along Auburn street on his right side of the street, that is, the south side, at a speed of about fifteen to eighteen miles an hour; that he was proceeding cautiously, as he knew there were "a lot of blind corners out in that territory"; that when he was about thirty feet from the intersection, he looked to his right down Orchard street and saw defendant's milk truck coming along the west side of Orchard street, which was Linton's left side of that street, about sixty or seventy feet from the intersection "apparently . . . making a delivery of milk"; that he thought he could go safely through the intersection, and continued moving through it; that he was almost through it when he glanced to his right and noticed an object almost on top of him, and that he tried to get out of its way by "putting on the gas", but his car was struck on the right side by defendant's milk truck about half way between the rear hub and the rear bumper of his

automobile. He testified further that the point of contact of the two cars was three feet from the easterly curb line of Orchard street.

The defendant's driver, Linton, testified that he was making two deliveries of milk on Orchard street, one to a house on the right side of that street and one on the left; that he parked his truck on the right side of the street, facing north and about two hundred feet south of Auburn street; that, after making his deliveries, he started his truck and proceeded northerly along Orchard street at a speed of about fifteen to eighteen miles an hour; that when he approached Auburn street and when he was about forty feet from the intersection, he looked to his left and to his right and saw no other automobile approaching on that street; that from where he looked, one could see fifty to sixty feet into Auburn street to his left; that he continued along Orchard street and into the intersection and that, when about five feet within the intersection, he saw a dark object, coming from his left, go by; that he instinctively turned his truck to the left and there was a crash. He also testified that the point of contact of the two vehicles was in the intersection about three feet from the easterly curb line of Orchard street.

After the accident Putnam and Linton discussed the accident and Linton made a statement. The content of that statement is reported differently by each witness. According to Putnam, Linton said to him that he (Linton) did not see him, that "something must have gone wrong . . . 'Something went wrong, . . . my steering wheel . . . Make the bill as little as you possibly can' because his mother would have to pay." Linton testified that he said: "I didn't see you. . . . If it's my fault, my mother will take care of the bill. Make it as little as possible." Defendant's counsel argued that this version is substantially

different from Putnam's and that it does not amount to an admission. This is true in part. Both versions do agree, however, as to Linton not seeing Putnam's automobile on Auburn street, when he first looked, and it is this fact that greatly impressed the trial justice in coming to his decision.

Putnam and Linton were the only witnesses to the accident. Apparently the trial justice believed Linton's testimony that he was two hundred feet from Auburn street and that he was parked on the right side of Orchard street when he began his delivery of milk; but he did not believe that he continued on that side to the time of the accident. He believed Putnam's testimony that, when he, Putnam, first saw the milk truck, it was on its left side of Orchard street. In other words, the trial justice found from all the testimony that the defendant's truck crossed Orchard street diagonally from left to right just before the accident, and that the defendant's driver, Linton, negligently drove into the intersection, without looking to his left, and collided with the plaintiff's automobile.

The trial justice further found on all the testimony that the plaintiff's driver was not negligent in proceeding through the intersection, after he looked and saw the defendant's milk truck on its left side of Orchard street, and that he acted as a reasonable, prudent man should act under the circumstances. The defendant contends that the trial justice misstated the testimony when he said in his decision,—"and according to his (Putnam's) testimony, he looked South on Orchard Avenue and saw a car coming towards the North. He was then about two hundred feet away—I think he estimated it." It is true that Putnam's testimony was that the truck was then sixty or seventy feet away.

It is clear to us, however, as we read the decision of the trial justice, that he did not rely on the exact distance

which defendant's truck was from the intersection when Putnam first looked to his right, but rather chiefly on the fact that Putnam, under the circumstances, could reasonably expect to cross Orchard street in safety, even if defendant's truck proceeded, at the speed it was going, along its left-hand side of Orchard street. On the finding of the trial justice that the truck did not continue on its left side but crossed over to the right side and suddenly appeared to plaintiff's driver, Putnam, in the southeast quarter of the intersection near the right or easterly curb line of Orchard street, it was reasonable for the trial justice to find further that the evidence did not show that Putnam was guilty of negligence.

We should not disturb the decision of the trial justice unless he is clearly wrong. We are of the opinion that there is nothing in the record which would justify us in doing so. We have carefully read the transcript and have analyzed the testimony of Putnam and Linton and have come to the same conclusion as the trial justice. We are disposed also to take the same view as he did that Putnam, under all the circumstances, was not guilty of contributory negligence and that Linton was negligent in proceeding into the intersection.

The decision of the trial justice is without error, defendant's exception thereto is overruled, and the case is remitted to the superior court for the entry of judgment on the decision.

*Francis J. O'Brien*, for plaintiff.

*Edward M. Sullivan, John J. Sullivan*, for defendant.